case are substantially undisputed. The defendant took possession of the premises on July 9, 1904, paying that month's rent, and remained in occupancy until October 1, 1904. The lease was introduced in evidence, and contains a covenant to the effect that the tenant shall keep said premises in repair at her own cost and expense, including all repairs required to the plumbing work. Attached to the lease is a slip headed, "List of Repairs Wanted at 135 West 44th St." Then follows a statement of several improvements in the way of painting and papering and plumbing. The plaintiff conceded upon the trial that the repairs enumerated on this list were agreed to be done by him.

Over the objections made and exceptions taken to such testimony, the defendant was allowed to prove that when she took possession of the premises they were in an unsanitary and unhealthy condition; that unhealthy and noxious odors pervaded the house; that the plumbing was old, worn, and defective; that the closets were filthy and not properly trapped; that the drainage was defective; and that owing to this situation she was compelled to vacate the premises. The right of the defendant to introduce parol testimony as to the making of an independent parol agreement, collateral to the lease, regarding the necessary repairs to be made upon the premises, need not now be determined. The plaintiff concedes such an agreement to make repairs was made prior to or at the time the lease was made, but urges that the landlord's failure to put the premises in repair is no bar to an action for rent, if the lessee has nevertheless taken possession. In this position the authorities support him. Harger v. Edmonds, 4 Barb. 256. A breach of a covenant on the part of a lessor is not a legal excuse for the nonpayment of rent. Douglas v. Cheeseborough Bldg. Co., 56 App. Div. 403, 67 N. Y. Supp. 755. The defendant's claim that there was a surrender by her and acceptance by the landlord in October is no defense in an action for the rent for the months during which she occupied the premises, and the same is true if the facts shown constituted an eviction. Stein v. Rice, 23 Misc. Rep. 348, 51 N. Y. Supp. 320. The judgment for the defendant must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(51 Misc. 578)

### FISCHER v. FROHNE.

(Supreme Court, Appellate Term. November 14, 1906.)

TRIAL—COURSE OF TRIAL—RIGHT TO CLOSE.

Where plaintiff voluntarily withdrew the only claim disputed by defendant, who interposed a counterclaim, the refusal to permit defendant to close the argument to the jury was reversible error.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 58.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frederick William Fischer against William C. Frohne. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Robinson, Biddle & Ward (Norman B. Beecher, of counsel), for appellant.

John P. Schuchman, for respondent.

GILDERSLEEVE, J.  The complaint herein set forth three causes of action against the defendant, two of which were wholly admitted by the answer. The third cause of action alleged an indebtedness on the part of defendant for six months' rent. The answer admitted owing for five months, but denied that the defendant owed for the sixth month. When the parties met for trial, and after the jury was sworn, the plaintiff's attorney waived the claim for rent for the sixth month, claiming only for five months, which the defendant had by his answer admitted. The defendant, having set up a counterclaim, then proceeded to sustain it, and put the defendant and other witnesses upon the stand in support thereof. The plaintiff's attorney, at the close of the testimony on the part of the defendant, addressed the jury regarding his defense to the defendant's counterclaim, and proceeded to introduce testimony contradictory to the defendant's contention. At the close of the entire case the defendant claimed the right to close to the jury, which was refused him, and to which refusal he took an exception. The denial of the right, where the defendant has the affirmative of the issue, to close the case to the jury, has frequently been held to be error. Elwell v. Chamberlain, 31 N. Y. 611; Millerd v. Thorn, 56 N. Y. 402; Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489. The plaintiff, by voluntarily withdrawing his claim for the last month's rent, the only item disputed by the defendant, in effect amended the complaint in that respect, and left nothing to be proven by the plaintiff to entitle him to a judgment, had there been no counterclaim interposed by the defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.